UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADYNNE S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-5163-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by discounting the opinion of examining psychologist David Widlan, Ph.D.; by excluding mental impairments at step two; and by discounting Plaintiff's testimony and that of her husband. (Dkt. # 10 at 1-2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1955, has a high school diploma and some college education, and has worked as a certified nursing assistant. AR at 65, 70, 261. Plaintiff was last gainfully employed in 2016. *Id.* at 251-54.

ORDER - 1

In August 2015, Plaintiff applied for benefits, alleging disability as of May 28, 2015. AR at 227-28. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 143-46, 151-55, 159-60. After the ALJ conducted a hearing on October 13, 2017 (*id*. at 47-119), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's left knee degenerative joint disease, status post arthroscopy and partial medial meniscectomy, is a severe impairment.

Step three: This impairment does not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she can frequently climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. She can frequently stoop and occasionally kneel, crouch, and crawl. She must avoid concentrated exposure to vibration and hazards.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 16-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court.

## III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.     DISCUSSION

#### A.     The ALJ's Assessment of Dr. Widlan's Opinion Does Not Contain Harmful Error

Dr. Widlan examined Plaintiff in June 2017 and wrote a narrative report describing her symptoms and limitations. AR at 665-69. The ALJ explained that she gave little weight to Dr. Widlan's opinion because his assessment "appears to be heavily reliant" on Plaintiff's self-report, but the self-report was contradicted by other evidence in the record.[3] *Id*. at 25.

---

[3] The ALJ also noted that Dr. Widlan was not a treating source, and that instead his assessment was "purchased for the purpose of generative positive evidence in support of the claimant's disability

Plaintiff disputes the ALJ's reasoning, contending that because Dr. Widlan performed a mental status examination, his opinion was informed by objective findings rather than subjective self-report. (Dkt. # 10 at 5-6.) The ALJ acknowledged Dr. Widlan's mental status examination, but the ALJ also specifically identified other portions of Dr. Widlan's report documenting self-report that he referenced in his conclusions. AR at 25. For example, Plaintiff reported to Dr. Widlan that she is unable to get along in social groups and had a long history of social difficulty in the workplace (*id*. at 665), but the ALJ noted that Plaintiff denied such difficulty in her function report. *Id*. at 25 (citing *id*. at 285-86). Dr. Widlan referenced Plaintiff's self-reported social difficulties in his conclusions about Plaintiff's ability to function socially in the workplace. *Id*. at 669.

Plaintiff also told Dr. Widlan that she went up to two weeks without bathing (AR at 668), but stated in her function report that she had no problems with personal care, noting only that it took longer (*id*. at 281). Dr. Widlan concluded that Plaintiff had significant deficits in her activities of daily living (*id*. at 669), but the ALJ cited evidence wherein Plaintiff herself indicated otherwise. *Id*. at 20 (citing *id.* at 283-86).

Finally, the ALJ found that Plaintiff's reported inability to remember facts about her own life ("[Plaintiff] struggled to identify specific time periods for life events, using vague chronology" (AR at 667)) was contradicted by her ability to adequately perform the concentration portions (counting and spelling) of Dr. Widlan's mental status examination. *Id*. at

---

application." AR at 25. The Commissioner does not defend this line of reasoning (dkt. # 14 at 14), noting that the purpose for which an evaluation is obtained is not a legitimate reason to discount it. *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."). This error is harmless, however, because the remainder of the ALJ's reasoning is valid, as explained *infra*. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

25.

In light of these inconsistencies, the ALJ reasonably found that Plaintiff's self-report to Dr. Widlan was not entirely reliable, and thus properly discounted Dr. Widlan's opinion to the extent he relied on Plaintiff's self-report in formulating his conclusions. *See Calkins v. Astrue*, 384 Fed. Appx. 613, 615 (9th Cir. June 17, 2010) ("[A]n ALJ must be permitted to discount an opinion based principally upon a claimant's self-reporting if the record contains objective evidence that the self-reporting is not credible.").

Plaintiff does not explain why the ALJ erred in interpreting these specific portions of Dr. Widlan's opinion. Instead, Plaintiff focuses on identifying arguably objective portions of the examination to demonstrate that Dr. Widlan's opinion was consistent with that objective testing, but this discussion fails to grapple with the specific inconsistencies identified by the ALJ. This approach does not satisfy Plaintiff's burden to show error in the ALJ's decision. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). Because Plaintiff has failed to show that the ALJ erred in finding that Plaintiff's self-report to Dr. Widlan was inconsistent with other evidence in the record, Plaintiff has failed to establish error in the ALJ's assessment of Dr. Widlan's opinion.

### B. The ALJ Did Not Err at Step Two

The ALJ found that Plaintiff's depression and anxiety were medically determinable impairments, but not severe because they did not cause more than a minimal limitation in her ability to perform basic work activities. AR at 19-20. Plaintiff argues that this finding is erroneous because Dr. Widlan opined that she had cognitive and social limitations. (Dkt. # 10 at

7-8.) As explained in the previous section, however, the ALJ properly discounted Dr. Widlan's opinion, and thus the ALJ did not err in failing to credit limitations referenced in that discredited opinion. Furthermore, because the ALJ thoroughly discussed Plaintiff's allegations of mental limitations when assessing her RFC, any step-two error would have been harmless in any event. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

### C. The ALJ Did Not Err in Discounting Plaintiff's Subjective Statements

The ALJ discounted Plaintiff's allegation of disabling mental impairments because (1) Plaintiff's symptoms during a December 2015 examination appeared out of step with the remainder of the record; (2) the treatment notes showed only intermittent exacerbations of symptoms that resolved within a few months, and reflect no personality disorder diagnosis (as claimed by Plaintiff); (3) her symptoms improved with medication; and (4) she was able to work in the past despite longstanding anxiety, panic, and depression. AR at 23. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff attempts to show that the December 2015 examination was actually consistent with other records (dkt. # 10 at 10-12), but does not adequately address the findings explicitly mentioned by the ALJ. The ALJ emphasized that Plaintiff's difficulty in remembering how many children she had and problems answering fund-of-knowledge questions suggested more severe cognitive problems than demonstrated by the remainder of the record. AR at 23. The examiner herself highlighted Plaintiff's unexplained problem answering questions. *See id*. at 491 (examiner asks Plaintiff "why it took her so long to think of how many children she had" and Plaintiff reported that she was "sleepy"), 492 ("Asked if she had ever been arrested, [Plaintiff] seemed to think for a long time and said that she had not been arrested, either as a juvenile or

adult. She could not say what she was thinking about."); 493 ("During the evaluation [Plaintiff] appeared to pause for long periods of time before she arrived at an answer, even for questions such as how many children she has."). The examiner also emphasized that Plaintiff's description of her depression "is what someone would read in the DSM[,]" which the ALJ reasonably cited as evidence that undermines the reliability of Plaintiff's allegations. *Id*. at 493. Because the ALJ cited parts of the December 2015 examination report that undermine Plaintiff's allegations, and Plaintiff has not shown that the ALJ's interpretation of those portions is unreasonable, the Court finds that the ALJ did not err in relying on that evidence to discount Plaintiff's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (affirming an ALJ's finding that a claimant's vague explanations undermine the reliability of his allegations).

Plaintiff goes on to challenge the ALJ's third reason, arguing that any periods of improvement in her symptoms does not necessarily mean that she is not disabled. (Dkt. # 10 at 12.) Plaintiff also contends that the only evidence of improvement cited by the ALJ pertained to her overall mood, but that there remained many symptoms that did not improve. (*Id.*) Plaintiff does not address the evidence cited by the ALJ, wherein Plaintiff "denied any further anxious symptoms or depressive symptoms" in May 2015 and reported stability on Zoloft by the end of April 2017. AR at 23 (citing *id*. at 655-61, 688). The ALJ reasonably found that this evidence of improvement undermined Plaintiff's allegation of disabling mental impairments. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

1    Plaintiff does not challenge the ALJ's finding with regard to her ability to work in the
2    past with reportedly longstanding depression and anxiety. *See* AR at 23; *Drouin v. Sullivan*, 966
3    F.2d 1255, 1258 (9th Cir. 1992) ("She was able to hold two previous jobs with a fair amount of
4    success, and even if those particular jobs are, as she claims, too taxing for her, the vocational
5    counselor testified that she is qualified for thousands of less strenuous jobs."). Plaintiff's failure
6    to allege or establish error in this portion of the ALJ's reasoning suggests that any error in the
7    other reasons would be harmless. *See Carmickle*, 533 F.3d at 1162-63. Because Plaintiff has not
8    shown harmful error in the ALJ's assessment of her subjective allegations of mental limitations,
9    this portion of the ALJ's decision is affirmed.

### D.    The ALJ Did Not Err in Discounting Plaintiff's Husband's Statement

Plaintiff's husband wrote a declaration in February 2016 describing Plaintiff's mental symptoms and limitations. AR at 315. The ALJ found that Plaintiff's husband's statement was contradicted by Plaintiff's own function report, and inconsistent with the medical evidence showing only "intermittent mental health symptoms that stabilize quickly with treatment." *Id.* at 25 (citing *id.* at 280-87).

An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff argues that the ALJ's reasons to discount her husband's statements are not germane because the Ninth Circuit has found that a lack of support in the medical record is not a germane reason to discount lay evidence, because lay statements are valuable precisely because they are not offered from a medical perspective. (Dkt. # 10 at 13-14.) But the ALJ did not find that Plaintiff's husband's statement lacked support in the medical record; the ALJ found that Plaintiff's husband's statement was *contradicted* by the

medical evidence as well as Plaintiff's own statements. AR at 25. The Ninth Circuit has found such inconsistency to be germane, and thus Plaintiff has not shown error in this portion of the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 31st day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge